Pott v. Pennington.

---

Christiana Pott, Executrix.

*vs.*

James Pennington.

A complaint in an action by an executrix to recover damages for an alleged unlawful entry upon land, and cutting and removing timber standing and growing thereon, and converting the same to defendant's use, in the years 1866. 1867 and 1868, which states that plaintiff's testator resided in Pennsylvania at the time of his decease; that he died seized of the land in 1858, and leaving a will appointing plaintiff sole executrix, whereon letters testamentary were duly issued to her in Pennsylvania, and she was duly appointed, and has since continued such executrix; that in December 29th, 1869, a duly authenticated copy of said letters and her appointment were duly filed in the office of the probate court for the proper county in this

state, is demurrable, as not stating facts sufficient to constitute a cause of action, since it does not thereby appear that plaintiff had either possession, or right of possession, of the premises at the time of the committing of the alleged trespasses.

Appeal by defendant from an order of the district court for Washington county, striking out a demurrer to the complaint as frivolous. The substance of the complaint appears in the opinion of the court.

E. G. BUTTS & A. B. STICKNEY for Appellant.

WM. M. McCLUER & FAYETTE MARSH for Respondent.

*By the Court*—RIPLEY, CH. J.—The defendant demurred to the complaint in this action, on the ground that it does not state facts sufficient to constitute a cause of action.

On motion the district court ordered the demurrer to be struck out as frivolous.

Instead of being frivolous it is clearly well taken.

The action is brought to recover damages for the unlawful entry of defendant upon land in Kanabec county, in this state, and cutting and removing timber thereon standing and growing, therefrom, and converting the same to his own use.

The complaint states, that Benjamin Pott, the plaintiff's testator, resided at the time of his decease in Pennsylvania; that he died seized of the land in question in 1858, and leaving a will thereby appointing plaintiff sole executrix; that thereafter, in the same year, letters testamentary were duly issued thereon to plaintiff, and she was duly appointed such executrix by the proper probate court in Pennsylvania, and that she has ever since been and now is such executrix; that on December 29th, 1869, a duly authenticated copy of

said letters and her appointment, were duly filed in the office of the probate court for Washington county, Minnesota.

The trespasses above stated are alleged to have been committed in 1866, 1867 and 1868.

In the absence of any averment that the will purported to devise the real estate aforesaid, it is to be taken that it did not, in which case the land descended to the heirs at law. *Gen. Stat. ch.* 46 *sec.* 1.

If it did so purport, moreover, it could not affect the land till it was proved and allowed in this state, as provided by *Gen. Stat., ch.* 47, *secs.* 17, 18, 19, 20.

It is not alleged that this has been done, nor that the plaintiff has taken out letters in this state under *sec.* 21, as amended by *Laws of* 1870, *ch.* 64, *p.* 126.

And since a foreign executor has no authority whatever in this state, except such as may be given by statute, and as *chap.* 52 *sec.* 6, giving an executor the right to the possession of the real estate of the deceased, is no more applicable to the plaintiff than to a domestic executor who had not yet proved the will, it follows, that, for aught that appears, the heirs at law of Benjamin Pott were the owners, and constructively, if not actually, in possession, at the date of the injuries complained of, and the only parties then entitled to maintain such an action as this.

And this state of things was not changed in any way by the subsequent filing by defendant of a copy of her letters and appointment under *ch.* 77 *sec.* 6, which gives a foreign executor the right, thereupon, as such, to maintain any action in this state in like manner and under like restrictions as a resident.

If she had been a resident, and yet had no right of ownership in, or possession of the land at the time the trespass

was committed, such trespass was no injury to her, and she could not sue for it.   1 *Ch. Pl.* 149, 179.   Order reversed.